Marshall, C. J.
Plaintiff seeks to hold the county commissioners liable solely under the provisions of Section 2408, General Code. The defendants claim that inasmuch as the improvement was being made by the state highway department, the commissioners having no part in making the improvement and having had nothing to do with placing the obstruction, no duty was enjoined upon the county commissioners by virtue of the provisions of Section 2408, General Code, and therefore there could be no negligence attributable to them, and therefore no liability.
It is universally conceded that the county commissioners can not be held liable in their official capacity for negligent performance of duty unless such liability is created by statute. The law on this subject has been repeatedly under discussion in this court and is well settled.
In 1826, in the case of Commissioners of Brown County v. Butt, etc., 2 Ohio, 348, it was held that the county commissioners were liable fot not supplying a jail for safe custody of prisoners, whereby a prisoner confined for debt was permitted to escape. This conclusion was reached by a divided *252 court and remained the law of Ohio until the year 1857, at which time this court decided the case of Board of Commissioners of Hamilton County v. Mighels, 7 Ohio St., 110, the former decision being overruled, and it being determined that the county commissioners are not liable in their quasi-corporate capacity, either by statute or at common law,to an action for damages for injury resulting to a private party by their negligence in the discharge-of their official duties.
Some years thereafter, Section 845, Revised Statutes, now Section 2408, General Code, was enacted, and has several times been amended. In 1918, at the time of this accident, that section contained the following provision, among others: “The board shall be liable in its official capacity for damages received by reason of its negligence or carelessness in not keeping any such road or bridge in proper repair,” etc.'
Since the enactment of that section a great deal of litigation throughout the different counties of the state has been predicated upon its provisions, and the courts have uniformly recognized.the doctrine that those provisions are in derogation of the common law, and that therefore the provisions of the section must be strictly construed and the county commissioners cannot be held liable beyond the plain import of its terms.
There being no liability against the county commissioners at common law, and all liability against them having been created by statute, and the courts not having any right to enlarge upon the liability thus created, by judicial construction, and the lan *253 guage of the Section 2408 being clear and free from ambiguity, it would seem that there should not be much difficulty in’ reaching a conclusion in this case.
The limitations upon the application of this section have been very clearly laid down by Chief Justice Shauck in Board of County Commissioners of Morgan County v. Marietta Transfer & Storage Co., 75 Ohio St., 244, and in Ebert v. Commissioners of Pickaway County, Id., 474, and it would therefore be unprofitable to enter into further discussion of those principles, but we will merely refer to the discussion in the opinions in those cases.
It is contended on the part of plaintiff that this section is applicable to the facts of this case, notwithstanding the codification of the highway laws, and it is contended by counsel for the county commissioners that by reason of the many later provisions, whereby the duty is enjoined upon the state highway commissioner to construct, maintain and repair all state roads, Section 2408 no longer has any application to damages for injuries occurring upon such roads, but, on the other hand, that section can now apply only to county roads.
Section 7464, General Code, makes a division of the highways into three classes as follows:
“(a) State roads shall include such part or parts of the inter-county 'highways and main market roads as have been or may hereafter be constructed by the state, or which have been or may hereafter be taken over by the state as provided in this act, and such roads shall be maintained by the state highway department.
*254 “(b) County roads shall include all roads which have been or may be improved by the county by .placing brick, stone, gravel or other road building material thereon, or heretofore built by the state and not a part of the inter-county or main market system of roads, together with such roads as have been or may be constructed by the township trustees to conform to the standards for county roads as fixed by the county commissioners, and all such roads shall be maintained by the county commissioners.
“(c) Township roads shall include all public highways of the state other than state or county roads as hereinbefore defined, and the trustees of each township shall maintain all such roads within their respective townships; and provided further, that the county commissioners shall have full power and authority to assist the township trustees in maintaining all such roads, but nothing herein shall prevent the township trustees from improving any road within their respective townships, except as otherwise provided in this act.” ■
In the petition the highway where this accident occurred is described as a state road, and it is further stated that it is being repaired by the state highway department. This seems to be in conformity to the above-quoted section, which provides that such roads shall be thus maintained. It should require no authority to show that the word “maintain” includes the word “repair.” Although only the word “maintained” is used in Section 7464, other sections of the statutes prescribing the duties of the state highway department include also the word *255 “repair.” Sections 1224, 1230-1, 1231, 7464, 7467, General Code, and others, enjoin upon the state highway commissioner the duty of maintaining and also of repairing. All the sections last referred to, and Sections 7209, 7210, 7202, 7204, General Code, and others, very clearly place all control, supervision, maintenance and repair of inter-county and' main market roads, otherwise known as state roads, under the exclusive authority and jurisdiction of the state highway commissioner.
Section 1218, General Code, provides that all contracts for such maintenance and repair “shall be made in the name of the state and executed on its behalf by the state highway commissioner and attested by the secretary of the department.” It is very clear, therefore, that, inasmuch as this accident occurred upon a state road then being repaired by the state highway department, the state highway commissioner had full power and authority to proceed in making the improvement without in any way advising with the county commissioners, or being subject in the slightest measure to their authority.
As further evidence of the care with which the legislature has classified highways, and in order to leave no doubt as to what roads are included in the classification of state highways, we find a definition of that phrase in Section 1226, as follows: “The term ‘state highway’ as used in this chapter, shall be held to mean such part or parts of the inter-county highways and main market roads which have been or may hereafter be constructed by the state, by the aid of state money or have been taken over by the state.”
*256 The. question arises under these various statutory provisions whether the county commissioners have any duties whatever to perform in constructing, maintaining, or repairing state roads, and, therefore, whether “the board shall be liable in its official capacity for damages received by reason of its negligence or carelessness in not keeping any such road * * * in proper repair.”
If the board of county commissioners has no duty to perform, then there could be no negligence or carelessness charged to the board arising out of the failure of others to perform some duty. If there is no duty, there can be no negligence. It is not necessary to resort to a definition of the word “negligence,” because the word is defined in Section 2408 as the failure to keep any such road in proper repair.
In this view of the matter there can be only one conclusion and that is that there was no duty and therefore no negligence; and therefore no liability on the part of the county commissioners.
We have so far proceeded in this opinion upon the! theory that the accident was due to a failure to keep this road in proper repair. A critical analysis of the allegations of the petition will disclose, .however, that the accident was not primarily due to the defective condition of the road. The automobile did not run into a defect due either to improper original construction or to failure to' keep the roadway in proper repair. It is true that this road, according to the allegations of the petition, was not in proper repair, but according to the same allegations the road was being repaired and by the. *257 authorities whose duty it was to make such repairs.
The petition alleges that “in making said repairs the road was obstructed and made impassable by a wall of bricks 5 or 6 tiers high, which were carelessly and negligently piled, and placed across the entire width of said road at the western terminus of the paved part of the road as aforesaid, thereby forming a barrier and obstructing the use of said road for all traffic at said point,” etc.
It further clearly appears by the allegations of the petition that this road is a state road and that the repairs were being made by the state highway department. By reference to Section 1225, General Code, it will be found that it is the duty of the state highway commissioner, at the time of approving plans and specifications for making any road improvement, to determine whether such improvement will require closing the highway to traffic, and that it is his duty to avoid closing for traffic whenever practicable.
The same section further provides that it shall be unlawful for any contractor or other person to close a highway under course of improvement unless such determination shall have previously been made by the state highway commissioner. If determined that it is necessary to close the highway, it becomes his duty to include as a part of the plans for improvement all necessary and proper barriers and detour signs.
The petition does not allege the failure to make the proper, determination or that for any other reason it was improper to build such a barrier. It *258 will be presumed, therefore, that all necessary preliminary steps were taken to make the barrier a lawful institution.
The judgment of the court of common pleas and court of appeals will, therefore, be affirmed.

Judgment affirmed.

Johnson, Robinson, Jones and Matthias, JJ., concur.